UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIYA GOTSEVA-JUAREZ, | Case No. 2:18-CV-1111 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant(s). | |

Presently before the court is plaintiff Mariya Gotseva-Juarez's ("plaintiff") motion to remand to state court. (ECF No. 9). Defendant Costco Wholesale Corporation ("Costco") filed a response. (ECF No. 15). Plaintiff has not filed a reply, and the time to do so has passed.

Also before the court is plaintiff's motion for attorney's fees regarding her motion to remand. (ECF No. 10). Costco filed a response. (ECF No. 15). Plaintiff has not filed a reply, and the time to do so has passed.

Lastly before the court is Costco's motion for leave to file a supplement to its opposition to plaintiff's motions. (ECF No. 23). Plaintiff has not filed a response, and the time to do so has passed.

**I.     Background**

This case arises out of a slip and fall that occurred at one of defendant's stores in Las Vegas, Nevada. (ECF No. 1 at 9). On May 8, 2018, plaintiff filed her complaint for negligence and negligent hiring, supervision, and training against Costco in Nevada state court. *See* (ECF No. 1 at 7–14). Plaintiff's complaint requests damages in excess of $15,000, special damages, attorney's fees, costs, and other appropriate relief. (ECF No. 1 at 11). Service of process was executed upon Costco on June 11, 2018. *See* (ECF No. 1 at 1).

**James C. Mahan**
**U.S. District Judge**

1   Costco timely filed its petition for removal on June 22, 2018. (ECF No. 1). On July 9, 2018, plaintiff filed her motion to remand because the amount in controversy in this case does not exceed $75,000. (ECF No. 9). On the same day, plaintiff filed a motion for attorney's fees regarding her motion to remand. (ECF No. 10).

On July 19, 2018, Costco filed its response to plaintiff's motions. (ECF No. 15). Thereafter, the parties began conducting discovery in this case. *See* (ECF No. 20). On August 15, 2018, Costco filed a motion for leave to supplement its opposition to plaintiff's motions on the grounds that Costco had received new information regarding plaintiff's medical expenses and total damages. (ECF No. 23). The court now considers these motions.

**II.     Legal Standard**

   *a. Motion to remand*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

b. *Motion for attorney's fees*

28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**III.     Discussion**

As a preliminary matter, the court finds Costco's proposed supplement to its opposition to plaintiff's motions helpful in ruling on the instant motions. Furthermore, Local Rule 7-2(d) provides that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

Therefore, because plaintiff did not file a response to Costco's motion to supplement its opposition to plaintiff's motions, and good cause appearing, the court will grant Costco's motion to supplement (ECF No. 23). Therefore, the court will consider the arguments and exhibits attached to Costco's proposed supplement in ruling on the instant motions, which the court will address in turn.

            a. *Motion to remand*

In her motion to remand, plaintiff argues that this court lacks subject matter jurisdiction to hear this case on diversity grounds because her damages do not exceed $75,000, as required by 28 U.S.C. § 1332(a). *See* (ECF No. 9). Specifically, plaintiff asserts that her medical bills as of July 5, 2018, were "less than $15,000," and that she offered to stipulate to "cap" the value of her claim to $74,900 if Costco agreed to remand the case to state court. *Id.* at 4.

In response, Costco acknowledges that plaintiff's past medical bills total "less than $16,000." (ECF No. 23-8 at 4). However, Costco argues that plaintiffs FRCP 26(a)(1) production revealed evidence of potential future damages that could increase the value of plaintiff's claims above the $75,000 threshold. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

Specifically, Costco argues that plaintiff is a surgical candidate to repair left knee tears that she sustained as a result of her fall. *Id.* Costco alleges that, "based upon previous experience in handling knee surgery cases, the future medical bills estimate alone could total at least $44,000."[1] *Id.* Costco concludes that "with approximately $15,000.00 in past medical bills, ongoing pain and suffering and medical care, along with causation of a need for future surgical intervention. . . the amount in controversy exceeds $75,000." *Id.*

The court finds Costco's arguments and supporting "evidence" unpersuasive. Even taking Costco's estimate of plaintiff's potential future damages as true, which the court declines to do, this estimate places the value of plaintiff's claims at approximately $59,000, not including potential damages for pain and suffering. Moreover, the extent of Costco's argument is that plaintiff "may" undergo a surgery that "could" cost "at least $44,000." *See id.* However, the Ninth Circuit held in *Sanchez* that such equivocal arguments, combined with a lack of record evidence supporting those arguments, fail to satisfy the removing party's burden of proof. *See Sanchez*, 102 F.3d at 405.

Accordingly, the court finds that Costco's speculative arguments as to the value of plaintiff's claims fail to satisfy its burden of proof "by a preponderance of the evidence that the jurisdictional amount is met." *See id.* As a result of Costco's failure to satisfy its burden of proof on this point, the court cannot maintain subject matter jurisdiction of this case based on the diversity of the parties. *See* 28 U.S.C. § 1332(a); *Matheson*, 319 F.3d 1089. Therefore, the court will grant plaintiff's motion to remand.

  *b. Motion for attorney's fees*

Costco alleges (and plaintiff does not dispute) that plaintiff did not disclose any medical billing prior to initiating this action. (ECF No. 15 at 7). Therefore, Costco argues that it filed its removal petition based upon its good faith understanding of the allegations set forth in plaintiff's complaint. (ECF No. 15 at 6). Specifically, Costco notes that plaintiff's complaint provides:

---

[1] Costco's initial response to plaintiff's motion lists the details of its "$44,000" estimate. (ECF No. 15 at 3). However, this estimate is based solely upon "Defense Counsel's experience in defending against personal injury cases." *Id.*

James C. Mahan
U.S. District Judge

- 4 -

22. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained, Plaintiff will assert them with particularity.

…

31. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused Plaintiff's pain and suffering.

(ECF No. 1 at 10–11).

Costco argues that, when considering these allegations in light of the nature of plaintiff's knee injury, it maintained a reasonable belief that plaintiff's damages would exceed $75,000. (ECF No. 15 at 5–6). The court agrees that, based on the information available to Costco at the time it filed its removal petition, it had "an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Therefore, the court will deny plaintiff's motion for attorney's fees.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Mariya Gotseva-Juarez's motion to remand to state court (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (ECF No. 10) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Costco Wholesale Corporation's motion for leave to file a supplement to its opposition to plaintiff's motions (ECF No. 23) be, and the same hereby is, GRANTED.

The clerk of court is instructed to close the case accordingly.

DATED November 1, 2018.

_____
UNITED STATES DISTRICT JUDGE